THE J. E. MERGOTT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14096. Promulgated July 19, 1948.

*Emanuel P. Scheck, Esq.*, for the petitioner.
*John E. Mahoney, Esq.*, for the respondent.

48

**OPINION.**

OPPER, *Judge*: Although accounting entries neither make nor reduce income, *Helvering* v. *Midland Mutual Life Insurance Co.*, 300 U. S. 216, 223, the instant problem is difficult, mainly because of ac-

counting methods actually pursued on the one hand, and a consideration of proper accounting practice on the other. Historically, the present controversy is grounded on petitioner's initial inclusion of certain of its equipment, which we shall for simplicity refer to as tumbling barrels, in its inventory account. When this procedure was changed by reducing inventory and adding the property to a machinery account, the tumbling barrels continued to be carried separately as a nondepreciated item. The figure thus retained without change on the books for many years is now claimed as an abandonment loss by reason of the scrapping in the tax year in issue of the barrels then in existence.

Petitioner's apparent reason for including the barrels originally in inventory and later in a nondepreciated account was, first, that they had an anticipated average life of only one year, and, second, that they were being constantly replaced in the same quantity and character by new barrels manufactured in a virtually continuous process by petitioner's own workmen in its own shop.

The difficulty with petitioner's method of treating the barrels for accounting purposes and with allowing its present claim seems to us to stem from the basic concept that the cost of producing the barrels was in all instances deducted as a current expense. If petitioner had done nothing more, it would have been currently compensated by the deductions thus resulting from year to year, and any casualty to the barrels would not constitute a loss at any time for which additional compensation taxwise would be necessary. This treatment was proper, and consistent with, indeed required by, the principle that articles with an anticipated life of one year or less are to be dealt with by means of deductions for current expense. *W. B. Harbeson Lumber Co.*, 24 B. T. A. 542, 550.

The present issue arises because petitioner did do something more. It is claimed that in the years when the item was being accumulated on its books it simultaneously credited the completed barrels to its inventory account, thus, it is said, canceling the tax benefit of the expense deductions by increasing the income side of its annual operating statement. But that treatment was erroneous. There was no justification for adding production equipment not designed for sale or even as a means of distribution, cf. *Read Phosphate Co.*, 13 B. T. A. 39, to the inventory account. *Burroughs Adding Machine Co.*, 9 B. T. A. 938; *Pierce-Arrow Motor Car Co.* v. *United States* (Ct. Cls.), 9 Fed. Supp. 577. Such a process would not properly reflect the petitioner's income at the time, and the attempt to compensate for

that error now by a procedure equally unsound, even though compensatory, may not be permitted to succeed.

If petitioner improperly increased its income in much earlier years by adding the barrels to inventory, that is an error which it is now too late to correct. Cf. *American Light & Traction Co.*, 42 B. T. A. 1121; affd. (C. C. A., 7th Cir.), 125 Fed. (2d) 365. The fact is, on the undisputed record, that the barrels abandoned in 1943 were acquired either in that year or in the one preceding it. For each one petitioner was given a simultaneous deduction for the full amount expended in labor and materials. To permit the present claim would constitute allowance of a double deduction for the same item or a deduction for a loss of an asset without basis, neither of which is permissible. See *Keystone Auto Club Casualty Co.*, 40 B. T. A. 291, 308; supplemental opinion, 42 B. T. A. 356; affd. (C. C. A., 3d Cir.), 122 Fed. (2d) 886; certiorari denied. 315 U. S. 814; *Detroit Edison Co.* v. *Commissioner*, 319 U. S. 98.

*Decision will be entered for the respondent.*